IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CT-3043-FL

| | |
|---|---|
| TIMOTHY ROYAL KING, MICHAEL BLAKNEY, DERICK WHITE, LARRY FULLER, RONALD BLAIR WINSTEAD, GREGORY PORTER, MILTON L. LAWRENCE, and IRVIN VASQUEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>ERIK A. HOOKS, W. DAVID GUICE, CYNTHIA THORNTON, MELANIE SHELTON, KENNETH LASSITER, BETTY BROWN, and SUSAN ADDAMS,<br><br>        Defendants. | ORDER |

This matter is before the court on the following motions:[1]

1) Plaintiff Porter's motions for extension of time to complete discovery (DE 108), for order to supply plaintiff with necessary documents (DE 114), and for extension of time to file response to defendants' motion for summary judgment (DE 115); and

2) Plaintiff King's motion for extension of time to file response to defendants' motion for summary judgment, for extension of time to complete discovery, and for a copy of the court's Local Civil Rules (DE 116).

The court begins with plaintiffs Porter and King's motions for extension of time to respond to defendants' motion for summary judgment. For good cause shown, the motions are granted, and

---

[1] Also pending, but not ripe for ruling, is defendants' motion for summary judgment (DE 109), which the court will address by separate order.

plaintiffs' deadline for responding to defendants' motion for summary judgment is extended to **June 10, 2019**.

Plaintiffs Porter and King also request extension of time to complete discovery, which closed on February 12, 2019, pursuant to the operative scheduling order. (DE 103). A scheduling order "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (holding party seeking leave to amend pleadings after the deadline set in the scheduling order must show good cause for amending the scheduling order). The good cause standard focuses on the diligence of the moving party. See McMillan v. Cumberland Cty. Bd. of Educ., 734 F. App'x 836, 845–46 (4th Cir. 2018) (explaining good cause standard focuses on the diligence of the moving party). Plaintiffs Porter and King have not established that they diligently pursued the requested discovery during the discovery period. Accordingly, the court denies the motions for extension of time to complete discovery.[2]

The court now turns to plaintiffs King and Porter's requests for copies of certain court records and other documents. The court grants these requests as follows. The court DIRECTS the clerk to provide plaintiff King a copy of the court's Local Civil Rules, and DIRECTS defendants to re-serve the motion for summary judgment on defendant Porter. The court provided plaintiff Porter a copy of the complaint and docket sheet on April 1, 2019.

In sum, plaintiff Porter's motion for extension of time to complete discovery (DE 108) is DENIED. Plaintiff Porter's motions for order to supply plaintiff with necessary documents (DE 114) and for extension of time to file response to defendants' motion for summary judgment (DE 115) are GRANTED as set forth above. Plaintiff King's motion for extension of time to file

---

[2]To the extent plaintiffs Porter and King requesting additional discovery in order to obtain their personal internal prison records, they may be able to obtain such records directly from prison officials.

2

response to defendants' motion for summary judgment, for extension of time to complete discovery, and for copy of the court's Local Civil Rules (DE 116) is GRANTED IN PART and DENIED IN PART as set forth above. The deadline for plaintiffs to respond to defendants' motion for summary judgment is hereby extended to **June 10, 2019**.

SO ORDERED, this the 12th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge