IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3043-FL

| | |
|---|---|
| TIMOTHY ROYAL KING, MICHAEL BLAKNEY, DERICK WHITE, LARRY FULLER, RONALD BLAIR WINSTEAD, GREGORY PORTER, MILTON L. LAWRENCE, and IRVIN VASQUEZ, <br><br> Plaintiffs,[1] <br><br> v. <br><br> ERIK A. HOOKS, W. DAVID GUICE, CYNTHIA THORNTON, MELANIE SHELTON, KENNETH LASSITER, BETTY BROWN, and SUSAN ADDAMS, <br><br> Defendants. | ORDER |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (DE 109). The motion has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants in part and denies in part defendants' motion.

**STATEMENT OF THE CASE**

On February 23, 2017, plaintiffs Timothy Royal King ("King"), Michael Blakney ("Blakney"), Derick White ("White"), Larry Fuller ("Fuller"), Ronald Blair Winstead

---

[1] The court dismissed formerly-named plaintiffs Dayvon D. Person, Lavatae Evans, Timothy Boyd, Chris Pearsall, Jimmy Tinsley, Cortney Leach, John McNeill, Xavier Kinney, and Donald Usevich by separate orders entered August 14, 2017, November 17, 2017, January 3, 2018, January 25, 2018, and October 24, 2018.

("Winstead"), Gregory Porter ("Porter"), Milton L. Lawrence ("Lawrence"), and Irvin Vasquez ("Vasquez"), filed the instant civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging violations of the Free Exercise Clause of the First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs also moved to certify this action as a class action pursuant to Federal Rule of Civil Procedure 23.

Plaintiffs are practicing Muslims who are incarcerated at various correctional institutions within the North Carolina prison system. Defendants Erik A. Hooks ("Hooks"), W. David Guice ("Guice"), Cynthia Thornton ("Thornton"), Melanie Shelton ("Shelton"), Kenneth Lassiter ("Lassiter"), Betty Brown ("Brown"), and Susan Addams ("Adams") are prison officials employed by the North Carolina Department of Public Safety ("DPS"). Defendants are responsible for setting policies and procedures related to Muslim worship and dietary requirements. Plaintiffs allege the following violations of their First and Fourteenth Amendment rights:

1) A faith helper has to be approved before Jummiah and Taleem worship services continue, so the services are canceled for 3 months while waiting for a faith helper to be approved . . . .

2) [DPS] refuse[s] to allow Islamic practitioners a right to begin Ramadan on its true day[.] It continues to force [plaintiffs] to begin Ramadan a day before and a day after. The defendants are not allowing inmates of [the] Islamic faith to fast on the correct day.

3) [DPS is] denying Islamic practitioners the right to a halal diet in the same way it grants Jews a kosher diet . . . .

4) [DPS] refuses to provide adequate prayer space for inmates in medium and minimum custody prisons [which places a significant burden on all Islamic practitioners. [The Harnett Correctional Institution] does not provide a design[ated] prayer space for five prayers a day.

5) [DPS refuses] to permit ritual washing for sexual impropriety due to [impure dreams]. Wudu and "ghusl" are indispensable parts of ritual washing for prayers.

> 6) There should be the same amount of opportunity to worship. Christian services get [six] hours a week for services, Islamic practitioners only get [one to one and a half] hours a week.

(DE 1 ¶ V). As relief, plaintiffs seek permanent injunctions designed to remedy the issues set forth above and appointment of a full-time Iman within DPS. Plaintiffs do not seek damages or declaratory relief.

On August 14, 2017, the court denied plaintiffs' motion to certify this action as a class action. On November 17, 2017, the court conducted its frivolity review of plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e), and allowed the action to proceed. On April 9, 2018, defendants filed answer to plaintiffs' complaint, denying the allegations and asserting various affirmative defenses. On May 22, 2018, the court entered case management order governing discovery and dispositive motions practice, and also appointed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to represent plaintiff for the discovery phase of the case.

On July 18 and 27, 2018, plaintiffs King and Winstead filed motions to amend the complaint. The motions to amend sought leave to amend the complaint to add the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., as a theory of recovery. Plaintiff King also sought leave to amend to include two new claims under RLUIPA and the First and Fourteenth Amendments: 1) the Harnett Correctional Institution ("Harnett C.I.") violated his rights by refusing plaintiff King's request to maintain a Zakat account for charitable donations; and 2) that the Harnett C.I. denied Islamic practitioners Jummiah services on Fridays that fall on DPS holidays. On August 28, 2018, the court granted the motions to amend.

The parties completed discovery on or about February 14, 2019. That same day, the court granted NCPLS's motion to withdraw as counsel for plaintiff. On March 14, 2019, defendants

filed the instant motion for summary judgment, supported by memorandum of law, statement of material facts and the following: 1) affidavit of Kimberly Grande, the executive director of DPS's inmate grievance resolution board; 2) DPS administrative grievance records for the named plaintiffs; 3) affidavit of defendant Brown; 4) the DPS Religious Practices Resource Guide and Reference Manual; 5) pertinent excerpts from the DPS Policy and Procedures Manual; 6) correspondence exchanged between defendant Addams and plaintiff King; 7) affidavit of Kelli Harris, DPS director of food and nutrition management; 8) affidavit of defendant Shelton; 9) excerpts from the DPS Religious Practices Operational Manual; 10) memorandum from former DPS director George Solomon regarding 2016 Ramadan observance; 11) the Harnett C.I. Religious Services Manual; and 12) the Harnett C.I. religious services schedule. On March 15, 2019, the court provided plaintiffs notice of the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The notice explained that if plaintiffs failed to respond, their claims may be dismissed.

Plaintiffs King, Porter, and Blakney were the only plaintiffs that responded to defendants' motion. Their responses are supported by memoranda of law, personal affidavits, and the following: 1) administrative grievance records; 2) correspondence between plaintiffs and DPS officials concerning Muslim worship practices; 3) affidavit of Morris James, a DPS religious volunteer; 4) affidavit of Joshua Scott, a DPS inmate; and 5) DPS announcements concerning 2016 Ramadan observance. Plaintiff Blakney also filed statement of material facts.

## DISCUSSION

A.  Failure to Prosecute

Plaintiffs White, Fuller, Winstead, Lawrence, and Vasquez failed to respond to defendants'

4

motion for summary judgment. The court provided these plaintiffs with notice of the motion and explained the consequences of failing to respond. (See DE 113). Accordingly, the court dismisses without prejudice all claims asserted by plaintiffs White, Fuller, Winstead, Lawrence, and Vasquez for failure to prosecute. See Fed. R. Civ. P. 41(b); Simpson v. Welsch, 900 F.2d 33, 35-36 (4th Cir. 1990) (per curiam).

B.  Plaintiff Porter

Plaintiff Porter has been transferred to federal prison, and therefore he is no longer in DPS custody. (See DE 115). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186-87 (4th Cir. 2009); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Because the only form of relief plaintiffs seek is injunctive, plaintiff Porter's claims are now moot. Accordingly, the court dismisses without prejudice plaintiff Porter's claims.

C.  Failure to Exhaust Administrative Remedies

1.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law

should be denied. Id. at 489–90.

2. Analysis

The remaining plaintiffs in this action are King and Blakney. Defendant argue plaintiffs King and Blakney failed to exhaust administrative remedies with respect to certain claims asserted in the original complaint.[2]

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

The only exception to mandatory exhaustion is when the administrative remedy procedure is unavailable to the inmate. See 42 U.S.C. § 1997e(a); Ross, 136 S. Ct. at 1858-60. An administrative remedy process is unavailable if: 1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and 3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination,

---

[2] As discussed further below, defendants do not address the claims alleged in plaintiffs' amended complaint.

misrepresentation, or intimidation." Ross, 136 S. Ct. at 1858-60.

DPS has a three-step administrative remedy procedure which inmates must complete in order to exhaust administrative remedies. (Grande Aff. (DE 111-3) ¶ 4); see also Moore, 517 F.3d at 721. DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. (Grande Aff. Ex. A (DE 111-3) § .0301(a)). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. (Id. § .0310(a)). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. (Id. § .0310(b)(1)). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. (Id. § .0310(c)(1)). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. (Id. § .0310(c)(6)).

Defendants argue plaintiff Blakney failed to exhaust the claims labeled two, four, five, and six in the original complaint. Plaintiff Blakney does not contest that he failed to exhaust administrative remedies as to these claims. (Pl. Blakney's SOMF (DE 126) at 1). Accordingly, the court dismisses without prejudice plaintiff Blakney's claims alleging defendants failed to hold Ramadan on the correct dates, to provide adequate prayer space in medium and minimum custody facilities, to permit ritual handwashing, and to provide adequate worship time commensurate with other faith groups. (See Compl. (DE 1) ¶ V).

Defendants argue plaintiff King failed to exhaust administrative remedies with respect to the claims labeled one, five, and six in the original complaint. Those claims allege defendants

failed to provide sufficient Jummiah or Taleem services due to absence of an inmate faith helper, ritual handwashing, and adequate worship time for Muslim inmates. (Am. Compl. (DE 1) ¶ V). Plaintiff King responds with several arguments. First, he argues that defendants searched for grievances exhausted between January 1, 2016, and February 12, 2017 (when plaintiffs filed the complaint), and he speculates that he may have filed grievances related to the above issues before 2016. Plaintiff King's unsupported speculation does not create a genuine dispute of fact with respect to defendants' exhaustion defense. Evans Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (noting "unsubstantiated allegations and bald assertions" cannot defeat a motion for summary judgment). Accordingly, this argument is without merit.

To the extent plaintiff King argues the DPS administrative remedy process is "unavailable" to him, that claim also lacks merit. Plaintiff filed and exhausted numerous grievances during the relevant time period, (see Grande Aff. (DE 111-3) ¶ 7), and there is no evidence in the record establishing defendants prevented him from filing or exhausting administrative grievances. While it is true that DPS returned some grievances to him for failure to comply with procedural rules, that circumstance does not render the procedure unavailable. Ross, 136 S. Ct. at 1860; Moore, 517 F.3d at 729-30 (concluding plaintiff failed to exhaust administrative remedies where prison officials rejected grievance based on rule that only one grievance can be pending at a time); see also Turner v. Clelland, No. 1:15-CV-947, 2016 WL 6997500, at *11 (M.D.N.C. Nov. 30, 2016). Accordingly, the court dismisses without prejudice claims one, five and six as to plaintiff King.

D. Remaining Claims

Based upon the forgoing, the remaining claims in this action are as follows: 1) plaintiff

Blakney's claims that defendants failed to provide sufficient Jummiah or Taleem services and a halal diet; and 2) plaintiff King's claims that defendants failed to hold Ramadan on the correct dates, failed to provide a halal diet, and refused to provide adequate prayer space for Muslims in minimum and medium custody facilities, and 3) plaintiffs King and Blakney's claims alleging defendants failed to provide a Zakat charitable fund at the Harnett C.I. and failed to hold Jummiah services on Fridays that fall on DPS holidays.

As to these claims, defendants have not addressed plaintiffs King and Blakney's allegations that defendants violated their rights under RLUIPA. And where plaintiff's RLUIPA and constitutional claims are premised on the same facts and much of the RLUIPA and First Amendment analyses overlap, it is premature to address merits of these claims at this time. See Lovelace v. Lee, 472 F.3d 174 (4th Cir. 2006). Accordingly, the court will deny the motion for summary judgment as to the remaining claims without prejudice to defendants filing renewed motion for summary judgment addressing the RLUIPA and constitutional claims together in one renewed motion.[3]

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendants' motion for summary judgment, (DE 109). The court grants the motion as to claims five and six in the original complaint, and such claims are DISMISSED WITHOUT PREJUDICE. The court denies the motion as to the remaining claims alleged by plaintiffs King and Blakney, in both the original and amended complaints. Defendants are DIRECTED to file renewed motion for summary judgment addressing such claims within **45 days** of entry of this order. Plaintiffs White,

---

[3] The parties briefing on the renewed motion for summary judgment may incorporate by reference any exhibits filed during the briefing of the instant motion. See Fed. R. Civ. P. 10(c).

Fuller, Winstead, Lawrence, Vasquez and Porter's claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 31st day of March, 2020.

                                          LOUISE W. FLANAGAN
                                          United States District Judge